UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| GLENDRICK GARDNER<br>    Plaintiff,<br><br>v.<br><br>FAYETTE COUNTY<br>DETENTION CENTER,<br>    Defendant. | Civil Action No. 5:23-029-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Glendrick Gardner is a resident of Lexington, Kentucky. Proceeding without a lawyer, Gardner recently filed a complaint with this Court. [R. 1]. Gardner also completed and filed the Court's approved E.D. Ky. 519 Form in order to seek leave to proceed *in forma pauperis* [R. 7], and the Court granted that request for pauper status [R. 9]. Therefore, Gardner's pleading is now before this Court on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

The Court has fully reviewed Gardner's complaint, including his various allegations regarding his medical situation and the recent conditions of his confinement. [*See* R. 1]. However, the Court will dismiss Gardner's pleading because, as currently drafted, it fails to state a claim upon which relief may be granted against the Fayette County Detention Center, the only named defendant. Simply put, the detention center is only a building and not a legal entity which may be sued under 42 U.S.C. § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at \*2 (6th Cir. 2000) (holding that the Shelby County Jail was not subject to suit under § 1983). Thus, the Court will dismiss Gardner's claims against the detention center with prejudice.

It is true that the Court could broadly construe Gardner's complaint as alleging a claim against the Lexington-Fayette Urban County Government, the entity that runs and operates the Fayette County Detention Center. However, it is not clear that Gardner wants to proceed in this manner, and, even if he does, he is not currently complaining in any clear way about a specific municipal or county policy or custom, as required to state a claim. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). To the extent that Gardner does want to assert policy or custom-related claims against the Lexington-Fayette Urban County Government, the Court will dismiss those claims without prejudice to his right to file a new civil action in which he more clearly asserts such claims.

Accordingly, it is **ORDERED** that:

1. To the extent that Gardner's civil rights complaint asserts claims against the Fayette County Detention Center itself, those claims [R. 1] are **DISMISSED WITH PREJUDICE**.

2. To the extent that Gardner is attempting to assert policy or custom-related claims against the Lexington-Fayette Urban County Government, those claims [R. 1] are **DISMISSED WITHOUT PREJUDICE** to his right to file a new civil action in which he more clearly asserts such claims. Appropriate forms needed to file such an action are available upon request from the Clerk's Office.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 3rd day of March, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY